We have considered plaintiff's remaining contentions and find them unavailing. Concur—Nardelli, J.P., Andrias, Rosenberger and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ONORIODE EYUBEH, Appellant. [767 NYS2d 594]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered February 4, 2003, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him to a term of four years, unanimously affirmed.

The court properly declined to sentence defendant as a youthful offender. Since defendant was convicted of an armed felony, youthful offender treatment would require a showing of mitigating circumstances (CPL 720.10 [2] [a] [ii]; [3]), and we do not find that such circumstances were present. In any event, given the circumstances of the crime, denial of youthful offender treatment was a proper exercise of discretion. Concur—Nardelli, J.P., Andrias, Rosenberger and Friedman, JJ.

■ In the Matter of KATRINA MAXTONE-GRAHAM, Appellant, v LANDMARKS PRESERVATION COMMISSION OF THE CITY OF NEW YORK et al., Respondents, and THE ALLEN-STEVENSON SCHOOL, Intervenor-Respondent. [767 NYS2d 594]—

Judgment, Supreme Court, New York County (Edward Lehner, J.), entered on or about February 20, 2003, which dismissed the petition challenging a certificate of appropriate-

ness issued by respondent Landmarks Preservation Commission on February 11, 2002, unanimously affirmed, without costs.

The parties agree that the issuance of the certificate of appropriateness would have required a second public hearing had the proposal, considered at the public meeting in response to community objections, been a substantial deviation from that originally presented (*see e.g. Coalition of Institutionalized Aged & Disabled v Perales*, 200 AD2d 704 [1994]). Since this question turns on esoteric architectural aspects of the original and amended proposals, it cannot be answered without knowledge within respondent agency's particular area of expertise. Therefore, the IAS court appropriately deferred to the agency's determination (*see Matter of Committee to Save the Beacon Theater v City of New York*, 146 AD2d 397, 405 [1989]), which had a rational basis (*see e.g. City of New York v Shakespeare*, 202 AD2d 237 [1994], *lv dismissed* 84 NY2d 923 [1994]). Significantly, the public was fully apprised, in the initial public hearing, of the intervening respondent's intent to build into the space behind its brownstone building, albeit in a cantilevered design that was subsequently modified. Concur—Nardelli, J.P., Andrias, Rosenberger and Friedman, JJ.